**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 10 2012, 8:40 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID W. STONE, IV**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PAUL JACKSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A05-1205-CR-223 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Rudolph R. Pyle, III, Judge
Cause No. 48C01-1108-FC-1544

**December 10, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

After pleading guilty to class C felony Robbery,[1] Paul Jackson was sentenced to serve eight years in the Indiana Department of Correction (DOC). On appeal, Jackson argues that his sentence is erroneous because the trial court failed to consider several significant mitigating circumstances he claims were clearly supported by the record. He also claims that the eight-year executed sentence he received is inappropriate in light of the nature of the offense and his character.

We conclude that the trial court did not err in sentencing Jackson and that, given Jackson's apparent affinity for robberies, his sentence is not inappropriate. Accordingly, we affirm the judgment of the trial court.

## FACTS

On August 22, 2011, Jackson entered a liquor store in Anderson with a towel draped over his head to obscure his face and another over his right hand, making it appear that he was holding a gun under the towel. Jackson approached the liquor store clerk and demanded all of the money from the cash register. The clerk, fearing he would be shot, complied and gave Jackson the money. When Jackson left the store and fled from the parking lot in a pickup truck, the store clerk recorded the truck's license plate information and notified the Anderson City Police.

The police located Jackson at the residence of his girlfriend, who was the registered owner of the truck. By the time they arrived, Jackson had already purchased

---

[1] Ind. Code § 35-42-5-1.

crack cocaine with the robbery money. After Jackson's girlfriend consented to a search of her home and her truck, the police located both of the towels used in the robbery.

After Jackson was arrested, he waived his right to remain silent. At first, he denied any involvement in the robbery, but upon further questioning, Jackson admitted that he robbed the convenience store to get money to buy crack cocaine. He denied using a gun in the robbery, claiming instead that under the towel he had been holding a broken leg from a fan. This item was later found in Jackson's girlfriend's home. Jackson was arrested and charged with class C felony robbery.

At a hearing on March 12, 2012, Jackson pleaded guilty as charged without a plea agreement. On April 16, 2012, the trial court held a sentencing hearing at which Jackson asked for leniency. Jackson apologized for his lengthy criminal history, which includes a number of juvenile adjudications, several misdemeanor offenses, and seven felonies arising out of at least three prior robberies, two of which he committed using deadly weapons and one that resulted in bodily injury. Jackson also acknowledged his numerous probation violations and that he committed the instant offense while still on probation for his most recent conviction for armed robbery.

Although Jackson admitted that he commits violent crimes while under the influence of drugs, he claimed that he has never intended to harm anyone. Rather, Jackson stated that he has used weapons, and most recently, the towel over the fan leg, in the commission of his robberies primarily as "a scare tactic just to get the money so [he] could get high." Tr. p. 24. He admitted to serially committing robberies in order to

3

further feed his addiction to crack cocaine. Jackson claimed that the only substance abuse treatment he had ever received was when he was in prison before, but he stated, "I guess it just wasn't extensive enough for me." Id. at 17. He asked that the trial court consider referring him to drug court[2] for all or a part of his sentence.

Jackson also claimed that a number of mitigating circumstances warranted a reduced sentence. More particularly, Jackson introduced evidence that he was cooperative with the police investigation, that he had confessed to the robbery, that he had pleaded guilty on his own accord and not "on the eve of trial," and that he had not had any disciplinary issues while he was in jail pending the resolution of the robbery charge. Id. at 15. Jackson also offered into evidence two character letters, each of which described Jackson as a good man with a bad drug problem. He claimed that he would make restitution to the victims of the robbery.

The Presentence Investigation Report (PSI) completed by the Madison County Probation Department placed Jackson in the "high risk category to reoffend" and recommended a sentence of eight years' incarceration in the DOC, with the entire sentence executed. Appellant's App. p. 20. The State also asked for this sentence, which is the maximum sentence for a class C felony, to be imposed.

The trial court found Jackson's prior criminal history to be an aggravating circumstance, as well as the fact that the robbery constituted "repeat behavior." Tr. p. 29.

---

[2] Drug court is a problem-solving court that refers offenders with drug addictions to mandated substance abuse treatment and then closely monitors their compliance. See Ind. Jud. Ctr., About Problem Solving Courts, http://www.in.gov/judiciary/pscourts/2337.htm (last visited Nov. 28, 2012).

It found Jackson's guilty plea to be a mitigating circumstance but stated that Jackson's "overwhelming criminal history, the fact that it's the fourth time this specific crime has been committed outweighs . . . the mitigation." Id. Accordingly, Jackson received the maximum sentence of eight years, but the trial court made a specific recommendation that Jackson serve his time in the DOC's dedicated substance abuse treatment program. The trial court also ordered Jackson to pay restitution.

Jackson now appeals.

DISCUSSION AND DECISION

I.  Abuse of Discretion

Jackson first claims that the trial court erred by failing to address a number of mitigating circumstances he believes were supported by the record. Specifically, Jackson contends that the trial court should have found as significant mitigating circumstances "his cooperation with the police, his willingness to make restitution, [his] good behavior in jail, his remorse and [his] acceptance of responsibility." Appellant's Br. p. 4-5.

A trial court's sentencing decisions are discretionary and entitled to "considerable deference" by the appellate courts. Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indeed, a trial court "may impose any sentence that is: (1) authorized by law; and (2) permissible under the Constitution of the State of Indiana . . . regardless of the presence or absence of aggravating circumstances or mitigating circumstances." Ind. Code § 35-28-1-7.1(d) (emphases added).

5

Nevertheless, when a trial court issues a sentence for a felony, it is required to "enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence." Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007) (Anglemyer I), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007) (Anglemyer II). The trial court's given reasons and any reasons it omits are reviewable only for an abuse of discretion, and "[t]he relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse." Id. A trial court may abuse its discretion, however, by failing to enter the required sentencing statement, by entering a sentencing statement that includes reasons unsupported by the record or otherwise improper as a matter of law, or by omitting reasons that are clearly supported by the record and advanced by the defendant for consideration. Id. at 490-91.

As noted above, Jackson claims that the mitigating circumstances he presented for consideration at the sentencing hearing were clearly supported by the record and that the trial court thus abused its discretion by omitting them from its sentencing statement. Appellant's Br. p. 5. However, in Anglemyer II, our Supreme Court said that "an allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant." 875 N.E.2d at 220-21 (emphasis added). If a trial court finds that a mitigating circumstance advanced by the defendant is not significant, it not required to explain its reasons for omitting the proposed mitigating circumstance from the sentencing statement. Anglemyer I, 868 N.E.2d at 492-93.

6

In the instant case, Jackson presented evidence at the sentencing hearing in support of each of the mitigating circumstances he claims the trial court overlooked. Tr. p. 12, 14-15, 24-27; Exs. A, B, C. However, based on our review of the record, we cannot say that the trial court erred in concluding that the mitigating circumstances were insignificant and thus omitting them from its sentencing statement; it is the trial court's prerogative to do so. See Anglemyer I, 868 N.E.2d at 493 (stating that it "is the court's call" to determine whether a proposed mitigating circumstance is significant).

Jackson also argues that because he received the maximum sentence, the trial court must have failed to attribute enough weight to his guilty plea. Appellant's Br. p. 7. However, although the trial court found Jackson's guilty plea to have been a significant mitigating factor, it also explicitly found that the mitigating effect of the guilty plea was far outweighed by his "overwhelming criminal history" and "the fact that it's the fourth time this specific crime has been committed." Tr. p. 29. As has been stated time and time again, the weight attributed to aggravating and mitigating circumstances by the trial court is not subject to appellate review. Anglemyer I, 868 N.E.2d at 493. Thus, Jackson's claim that the trial court abused its discretion in sentencing him fails.

## II. Inappropriate Sentence

Wholly separate from our review for an abuse of discretion in sentencing, Indiana Rule of Appellate Procedure 7(B) provides that an appellate court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the

offender. We undertake this review "not to achieve a perceived 'correct' result" but "to attempt to leaven the outliers." Cardwell, 895 N.E.2d at 1225. The appropriateness of a sentence "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Id. at 1224. Ultimately, it is the defendant who bears the burden of persuading us that the sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

Here, Jackson testified at the sentencing hearing that he routinely commits robberies when he needs money for drugs. Tr. p. 17, 25. Indeed, his record shows seven felony convictions from at least three other robberies, and the PSI placed Jackson in the "high risk category to reoffend." Appellant's App. p. 17-18, 20. Moreover, due to his numerous convictions and juvenile adjudications, Jackson has had more than a few opportunities for rehabilitation into a law-abiding life. Id. at 16-18; Tr. p. 22-26. Given that Jackson committed the instant offense while he was on probation for a previous armed robbery conviction, it appears that Jackson has squandered them all. Tr. p. 23-24. Suffice it to say that in light of his character, Jackson has not convinced us that his eight-year sentence was inappropriate.

The judgment of the trial court is affirmed.

ROBB, C.J., and BRADFORD, J., concur.